UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE ANTHONY JOHNSON,

        Plaintiff,

v.                                                                    Case Number 19-13556
                                                                      Honorable David M. Lawson

STEPHANIE PURDY, B. JOHNSON,
and KEVIN LINDSEY,

        Defendants.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

Plaintiff Dwayne Anthony Johnson, a Michigan prisoner, has filed a complaint on his own behalf under 42 U.S.C. § 1983 alleging that certain personnel violated his civil rights when they denied him a job in the prison law library. The Court has screened the complaint under 28 U.S.C. § 1915A, which requires the Court to review every "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *Id.* § 1915A(a). Because Johnson's complaint fails to state a claim upon which relief may be granted, the Court will dismiss it summarily.

I.

Johnson presently is confined at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan. The defendants are employed by the Michigan Department of Corrections at JCF. Stephanie Purdy is the classification director, B. Johnson is the deputy warden of programs, and Kevin Lindsey is the warden.

Johnson alleges that, despite being convicted of criminal sexual conduct, he was a law library aide in four different state prisons where he received excellent work-performance

evaluations. Compl., ECF No. 1, PageID.7-8, ¶2. On March 22, 2018, however, Johnson was transferred to JCF where he asked defendant Purdy for a job working in the prison law library because he had the most experience in that type of job. *Id*., PageID.8, ¶¶ 3-4. The job requires a special security clearance, *id*., PageID.7, ¶ 2, and on June 12, 2018 Purdy informed Johnson that he was not eligible for a security clearance, *id*., PageID.9, ¶ 11. As alleged in the complaint, the reasons Purdy gave for Johnson's failure to acquire a special security classification were "(1) PREA score, (2) Sexual Assault ticket within the last two years, (3) Theft or Class I ticket within 1 year, and (4) CRIME!!!" *Id*., ¶13 and Ex. I, PageID.21.

When Johnson told Purdy that he could not understand how he could work as a law library aide at other facilities, but not at JCF, Purdy responded that officials at JCF do not allow prisoners convicted of sex offenses to work on any special security job assignments. *Id*., PageID.10, ¶15. In addition, according to Johnson, defendants B. Johnson and Kevin Lindsey neglected to correct the alleged constitutional violation, and Lindsey created the criteria for special security job assignments, which treated Johnson differently from other inmates. *Id*., PageID.12, ¶¶ 23-24.

Johnson contends that there is nothing in the prison's policy directives to justify the defendants' decision to treat him differently from other inmates and not to allow him to work in the law library like other inmates. *Id*., PageID.11, ¶19. He also contends that denying him a job assignment in the law library at JCF violates his right to equal protection of the law under the Fourteenth Amendment to the United States Constitution. *Id*., PageID.7, ¶1, PageID.11-12, ¶ 22.

II

The Prison Litigation Reform Act of 1996 requires federal district courts to screen complaints filed by prisoners against a government officer and to dismiss any complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[] or . . . seek[]

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). "District courts are required to screen *all* civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (emphasis added).

Because Johnson prepaid the filing fee for this action, the Court will not screen the complaint under 28 U.S.C. § 1915(e)(2), because that section applies only to complaints filed *in forma pauperis*. *Benson v. O'Brian*, 179 F.3d 1014, 1015-17 (6th Cir. 1999). But screening still is required under section 1915A, and the criteria are much the same as designated by section 1915(e)(2) (requiring dismissal of complaints that fail to state a claim or sue defendants who are immune from suit). *In re Prison Litigation Reform Act*, 105 F.3d at 1134 (noting that "[t]he requirements of § 1915(e)(2) overlap the criteria of § 1915A"); *Hyland v. Clinton*, 3 F. App'x 478, 478-79 (6th Cir. 2001).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To state a viable claim that warrants relief, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

Johnson bases his complaint on the Equal Protection Clause of the Fourteenth Amendment. Discrimination is prohibited by that Clause, which "commands that no state shall deny to any person within its jurisdiction the equal protection of the laws." *Club Italia Soccer & Sports Org., Inc. v. Charter Twp.*, 470 F.3d 286, 298 (6th Cir. 2006) (internal quotation marks omitted). "To establish a claim for relief under the Equal Protection Clause, a plaintiff must demonstrate that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ibid.*; *see also Sullivan v. Benningfield*, 920 F.3d 401, 408 (6th Cir. 2019) (citing *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011)).

Johnson has not asserted that he belongs to a suspect class, such as one "defined by race, alienage, or national origin." *Maye v. Klee*, 915 F.3d 1076, 1086 (6th Cir. 2019). Instead, he must rely on a "class of one theory" for relief. The Supreme Court "ha[s] recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 905 (6th Cir. 2019) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Johnson has not identified any "law" that the defendants applied differently to him than to other prisoners. He has no property or liberty interest in a prison job unless such an interest is

created by state law through language of an unmistakably mandatory character. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596–97 (10th Cir. 1986) (quoting *Hewitt v. Helms*, 459 U.S. 460, 471 (1983)). But in Michigan prisons, there is no right to prison employment because prison administrators have complete discretion regarding prisoner work assignments. *Dobbins v. Craycraft*, 423 F. App'x 550, 552 (6th Cir. 2011); *Jewell v. Leroux*, 20 F. App'x. 375, 377 (6th Cir. 2001) (holding that a prisoner has no "right to prison employment or a particular prison job"); *see also* Michigan Department of Corrections Policy Directive 05.01.100, p. 4, ¶ U. (eff. 12/2/2019) (requiring prison wardens or their designees to identify work assignments that are special security assignments, to consider certain factors when making that determination, and to ensure that screening criteria are developed and that prisoners are screened before placement in such an assignment).

Nor has Johnson identified other comparable prisoners (with the same record of conviction and security classification) who sought and obtained placement in the library. Because he has not shown that the defendants treated him differently from other inmates with a similar criminal and institutional record, his conclusory allegations that the Equal Protection Clause was violated, without specific factual allegations, fail to state a claim. *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (quoting *Lillard v. Shelby Cty. Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996)).

III

Johnson's complaint fails to state a claim upon which relief can be granted.

Accordingly, it is **ORDERED** that the complaint (ECF No. 1) is summarily **DISMISSED WITH PREJUDICE**.

                        s/David M. Lawson
                        DAVID M. LAWSON
                        United States District Judge

Date: December 18, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 18, 2019.

                s/Susan K. Pinkowski
                SUSAN K. PINKOWSKI